UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: Anthony Raoul Bott  M. B. D. 05-10182

### ORDER UPON RESIGNATION

The Court having been advised that Anthony Raoul Bott's Affidavit of Resignation was accepted as a disciplinary sanction and the lawyer's name stricken from the Roll of Attorneys by the Supreme Judicial Court, Anthony Raoul Bott is likewise forthwith stricken from the roll of attorneys admitted to practice and shall cease to be permitted to practice before the United States District Court for the District of Massachusetts.

Should Anthony Raoul Bott desire to invoke the procedures and make the showing required by Local Rule 83.6(2)(B)(ii), the Court shall be informed within 30 days of the date of this order and the Court will schedule a hearing thereon within 15 days following such notification as required by the Local Rule.

Upon notification of action taken by Anthony Raoul Bott to invoke such procedures the Court will consider imposing reciprocal discipline pursuant to Local Rule 83.6(2)(C).

Anthony Raoul Bott shall forthwith notify clients and opposing counsel in any cases now pending in this court and the Bankruptcy Court in this District of this Order Upon Resignation.

Date April 25, 2004

William G. Young
Chief Judge

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                              SUPREME JUDICIAL COURT
                                          FOR SUFFOLK COUNTY
                                          NO:  BD-2005-024

IN RE: ANTHONY RAOUL BOTT

JUDGMENT ACCEPTING AFFIDAVIT OF RESIGNATION
        AS A DISCIPLINARY SANCTION

This matter came before the Court, Sosman, J., on an Affidavit of Resignation submitted by Anthony Raoul Bott pursuant to S.J.C. Rule 4:01, sec. 15 and the Recommendation and Vote of the Board of Bar Overseers filed by the Board on March 24, 2005.

Upon consideration thereof, it is ORDERED and ADJUDGED that the Affidavit of Resignation be accepted as a disciplinary sanction and the lawyer's name is stricken from the Roll of Attorneys. In accordance with S.J.C. Rule 4:01, sec. 17(3), the resignation shall be effective thirty days after the date of the entry of this Judgment. The lawyer, after the entry of this Judgment, shall not accept any new retainer or engage as lawyer for another in any new case or legal matter of any nature. During the period between the entry date of this Judgment and its effective date, however, the lawyer may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

It is FURTHER ORDERED that:

2.  Within fourteen (14) days of the date of entry of this

2

Judgment, the lawyer shall:

    a) file a notice of withdrawal as of the effective date of the resignation with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Judgment, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

    b) resign as of the effective date of the resignation all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Judgment, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

    c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has resigned; that he is disqualified from acting as a lawyer after the effective date of the resignation; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

    d) provide notice to counsel for all parties (or, in

3

the absence of counsel, the parties) in pending matters that the lawyer has resigned and, as a consequence, is disqualified from acting as a lawyer after the effective date of the resignation;

    e)    make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

    f)    refund any part of any fees paid in advance that have not been earned; and

    g)    close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

    3.    Within twenty-one (21) days after the date of entry of this Judgment, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Judgment and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

    a)    a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent,

4

and all return receipts or returned mail received up to the date of the affidavit.  Supplemental affidavits shall be filed covering subsequent return receipts and returned mail.  Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

    b)  a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Judgment any client, trust or fiduciary funds;

    c)  a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Judgment or thereafter;

    d)  such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

    e)  a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

    f)  the residence or other street address where communications to the lawyer may thereafter be directed.  The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the

5

notice requirements of S.J.C. Rule 4:01, Section 17.

4. Within twenty-one (21) days after the entry date of this Judgment, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

    a) a copy of the affidavit of compliance required by paragraph 3 of this Judgment;

    b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

    c) the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court (Sosman, J.), MBS

*Maura S. Doyle, Clerk*

Entered: April 1, 2005